THOMPSON,
Presiding Judge, concurring in the result.
Melvin Henry Sutton (“the husband”) has argued that the trial court erred in its division of retirement benefits, even when the amount of his “vested interests,” as those values are set forth in the financial-account statements submitted into evidence, in both the 401(k) savings-plan account and in RMSP account are considered in determining the amount of those benefits awarded to the Donna Peggy Sutton (“the wife”). The testimony of the wife on direct examination and in response to the husband’s cross-examination clearly demonstrates that the wife sought an award of one-half of all of the husband’s retirement benefits accumulated during the parties’ marriage.[4] The wife specifically disputed, on cross-examination, the husband’s attorneys questions that she was seeking more than one-half of the husband’s retirement benefits. The husband’s attorney pointed out that the amount the wife was requesting amounted to more than one-half of the value of the husband’s 401(k) savings-plan account. The wife responded, albeit inart-fully, that she disagreed that she was entitled to only a portion of the value of the 401(k) savings-plan account and that she was seeking to offset the valuation of the husband’s RMSP account, which, under its terms, must stay in his name, by a greater award from the 401 (k) savings-plan account.[5]
It is clear from the record that the wife sought a division of the total value of the retirement benefits accumulated during *942 the parties’ marriage, as permitted by § 30-2-51, Ala.Code 1975. The wife sought an award of one-half of the approximate $115,000 value of the 401(k) savings-plan account plus one-half of the approximate $25,000 value of the RMSP account. The trial court awarded the wife “$70,000 of the vested balance of the husband’s ... 401(k) Savings Plan,” and it awarded the husband “the remainder of the vested balance of the ... 401(k) Savings Plan and the vested balance of his ... [RMSP] Fund.” Section 30-2-51 (b) provides that, in fashioning a property division, a trial court “may include, in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in....” (Emphasis added.) I believe that the trial court, because it awarded the wife $70,000, which is approximately one-half of the total value of the husband’s retirement benefits, intended to divide those benefits approximately evenly according to the actual values of those accounts, rather than according to the husband’s “vested interest” in those accounts, as the term “vested interest” is defined on the financial statements for the retirement accounts. Regarding the RMSP account, the parties, based on the financial statements, had defined the “vested” amount of that account as the amount the husband had paid into the account; that amount represents the amount the husband would presumably receive if he elected to liquidate the account rather than take advantage of its future benefits. The term “vested” can also mean that the husband’s interest in the future value of the benefits of that account is secure; I note that the husband is entitled to receive benefits even in excess of the amount he has paid into the account, and, therefore, the value of the account to the husband was the amount the wife sought to have considered for division.[6]
The trial court specified in its judgment that it was awarding the parties the “vested” portions of the husband’s retirement accounts rather than the actual value of those accounts. It is probable that, in using the term “vested,” the trial court intended to reference the security of the husband’s rights in the retirement accounts as opposed to the valuations that were referenced as “vested” amounts on the account statements. To assume otherwise is to presume that the trial court erred by violating § 30-2-51, and I do not presume such error on the part of the trial court. See Roberson v. C.P. Allen Constr. Co., 50 So.3d 471, 478 (Ala.Civ.App.2010) (“ ‘ “[T]his court will not presume ... error on the part of the trial court.” ’ ”) (quoting D.C.S. v. L.B., 4 So.3d 513, 521 (Ala.Civ.App.2008), quoting in turn G.E.A. v. D.B.A., 920 So.2d 1110, 1114 (Ala.Civ.App.2005)).
*943 However, because the trial court used the specific term “vested interest,” I concur in the result reached by the main opinion—namely, to reverse the judgment and to remand the cause to the trial court to correct its property division or to enter a new property division and reconsider its award of alimony.

. To the extent that it might be concluded that the wife disclaimed an interest in the RMSP account by virtue of her acknowledgment that the husband was the only person who could receive benefits from that account, I disagree. The record establishes that the wife clearly asserted a claim for one-half of the value all of the husband’s retirement benefits accumulated during the parties' marriage and that she was not waiving a claim to a portion of the funds in the RMSP account.

. The wife’s testimony was not consistent with regard to the valuations of the retirement-benefits accounts, as demonstrated by the exhibits in the record. Her valuations are close enough to the values reflected on the exhibits, however, that her testimony is clear.

. The term "vested” is defined as
"Waving become a completed, consummated right for present or future enjoyment; not contingent; unconditional; absolute <a vested interest in the estates*.
" '[Ujnfortunately, the word "vested” is used in two senses. Firstly, an interest may be vested in possession, when there is a right to present enjoyment, e.g. when I own and occupy Blackacre. But an interest may be vested, even where it does not carry a right to immediate possession, if it does confer a fixed right of taking possession in the future.’ George Whitecross Paton, A Textbook of Jurisprudence 305 (G.W. Paton & David P. Derham eds., 4th ed.1972).
" ‘A future interest is vested if it meets two requirements: first, that there be no condition precedent to the interest's becoming a present estate other than the natural expiration of those estates that are prior to it in possession; and second, that it be theoretically possible to identify who would get the right to possession if the interest should become a present estate at any time.’ Thomas F. Bergin & Paul G. Haskell, Preface to Estates in Land and Future Interests 66-67 (2d ed.1984).”
Black's Law Dictionary 1794 (10th ed.2014).